**Fill in this information to identify the case:**

Debtor 1  BERNICE LOUELLEN SHIPPEN

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: EASTERN    District of PA
                                                              (State)

Case number  25-10238

---

Official Form 410

# Proof of Claim

12/24

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

LVNV Funding, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor  _____

**2. Has this claim been acquired from someone else?**

☐ No
☑ Yes. From whom?  Sherman Originator LLC

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Resurgent Capital Services
Name

PO Box 10587
Number    Street

Greenville, SC    29603-0587
City            State    ZIP Code

Contact phone  (877) 264-5884

Contact email  askbk@resurgent.com

Uniform claim identifier (if you use one):
RSG-00248-534035603

**Where should payments to the creditor be sent?** (if different)

_____
Name

_____
Number    Street

_____
City    State    ZIP Code

Contact phone  _____

Contact email  _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ____/____/_____
                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?  _____

---

Official Form 410                                    **Proof of Claim**                                    page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  __4567__  ____  ____  ____

**7. How much is the claim?**    $ __908.53__ .    **Does this amount include interest or other charges?**

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Credit Card

**9. Is all or part of the claim secured?**

☑ No
☐ Yes.   The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                                  $_____
   **Amount of the claim that is secured:**        $_____

   **Amount of the claim that is unsecured:** $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**      $_____

   **Annual Interest Rate** (when case was filed) _____ %
   ☐ Fixed
   ☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410    **Proof of Claim**    page 2

Case 25-20283-jmc Doc 43-1 Filed 01/29/25 Entered 10/27/25 16:13:19 Page 3 of 18
Case 25-20283-amc Claim 4-1 Filed 01/29/25 Desc Main Document Page 3 of 18
Exhibit    Page 3 of 18

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|---|
| | A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   1/29/2025
                   MM / DD / YYYY

_____/s/ Helga Ridgeway_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name        Helga Ridgeway
            First name        Middle name        Last name

Title       Claims Processor

Company     Resurgent Capital Services
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     PO Box 10587
            Number        Street
            Greenville, SC    29603-0587
            City                          State        ZIP Code

Contact phone  (877) 264-5884        Email  askbk@resurgent.com

Official Form 410                         **Proof of Claim**                              page 3



PO Box 10587
Greenville, SC  29603-0587

Phone:  (877) 264-5884
Email:  askbk@resurgent.com

## Proof of Claim

### Account Supplemental Data

Bankruptcy Case Information

**Case Number:**   25-10238    **District:**   EASTERN DISTRICT OF PENNSYLVANIA

**Chapter:**   13    **Filer:**   BERNICE LOUELLEN SHIPPEN

**Petition Date:**   01/20/2025    **Co-Filer:**

Creditor Information

**Current Creditor*:**   LVNV Funding, LLC

**Original Creditor:**   Credit One Bank, N.A.

**Alternative Names (if any) for this creditor:**

**Creditor at time of last transaction:**   Credit One Bank, N.A.

Account Information

**Account Number (redacted):**   4567

**Amount due as of the date the bankruptcy case was filed**:**   $908.53

**Amount due as of the date of the Proof of Claim**:**   $908.53

| | | | |
|---|---|---|---|
| **Principal Balance**:** | $908.53 | **Charge Off Date:** | 02/20/2013 |
| **Interest Balance**:** | $0.00 | **Last Payment Date:** | 07/10/2012 |
| **Fees Balance**:** | $0.00 | **Last Transaction Date:** | |
| **Cost Balance**:** | $0.00 | | |

| |
|---|
| * Resurgent Capital Services services this account on behalf of the current creditor.  Please send any bankruptcy or related notices on this account to our attention at the following address:<br><br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC  29603-0587<br>Telephone No.    (877) 264-5884 |
| ** The balance breakdown and itemization above reflects the amounts shown on LVNV Funding, LLC's business records. |
| *** Please call Resurgent for additional information. |

USC

# BILL OF SALE AND ASSIGNMENT OF ACCOUNTS
# FROM CREDIT ONE BANK, N.A. TO MHC RECEIVABLES, LLC

As of February 28, 2013, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Credit One Bank, N.A. ("Assignor") has transferred, has sold, has assigned, has conveyed, has granted and has otherwise delivered to MHC Receivables, LLC ("Assignee"), all of Assignor's right, title and interest in and to (i) the charged-off credit card accounts identified on an account level basis in the data file named CreditOne_Sherman_032013 (the "Computer File"), a copy of which is attached hereto and incorporated herein by reference as "Exhibit A"; and, (ii) certain related account level media or electronic copies thereof (including, but not limited to applications, statements, terms and conditions), and (iii) all claims or rights arising out of or relating to each account referenced on the Computer File (collectively hereinafter, the "Accounts") including, but not limited to, all claims and rights afforded each Account by virtue of that Account's corresponding terms and conditions.

The Accounts transferred under the terms of this Bill of Sale and Assignment of Accounts were each transferred to Assignee immediately following charge off for each applicable Account, as shown in the Computer File.

With respect to information for the Accounts, Assignor represents and warrants to Assignee that the business records conveyed to Assignee relating to: (i) the Accounts issued by Assignor; and (ii) the sale and assignment of Accounts by Assignor (collectively, the "Business Records"), are kept by Assignor in the regular course of its business. It is in the regular course of business of Assignor for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording of the Event at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate, and thoroughly embody the information in Assignor's custody and control for the Accounts from their creation until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

This Bill of Sale and Assignment of Accounts shall serve as evidence of ownership for the Accounts conveyed hereby and shall serve as an acknowledgment, as ratification, and as evidence of the intent of the parties to transfer the Accounts.

CREDIT ONE BANK, N.A.



Gary Harwood
Vice President

19731,511163,1

Page 1 of 2

# EXHIBIT A

## ACCOUNT SCHEDULE

The Accounts that are specifically identified in the electronic file named CreditOne_Sherman_032013 with such electronic file incorporated herein by reference.



19731,511163,2

*Page 2 of 2*

## BILL OF SALE AND ASSIGNMENT OF RECEIVABLES
## FROM CREDIT ONE BANK, N.A. TO MHC RECEIVABLES, LLC

As of February 28, 2013, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Credit One Bank, N.A. ("Assignor") has transferred, has sold, has assigned, has conveyed, has granted and has otherwise delivered to MHC Receivables, LLC ("Assignee"), all of Assignor's right, title and interest in and to (i) the receivables associated with each and every account referenced in the data file named CreditOne_Sherman_032013 (the "Computer File"), a copy of which is attached hereto and incorporated herein by reference as "Exhibit A"; and, (ii) all claims or rights arising out of or relating to each of those Receivables (hereinafter, the "Receivables").

The Receivables transferred under the terms of this Bill of Sale and Assignment of Receivables were each transferred to Assignee prior to the charge off of the associated accounts, as shown in the Computer File. This Bill of Sale and Assignment of Receivables evidences the intent between the parties for the transfer of the Receivables, acts as an acknowledgement of those transfers, and, to the extent necessary, ratification of the transfers.

With respect to information for the Receivables, Assignor represents and warrants to Assignee that the business records conveyed to Assignee relating to the Receivables (the "Business Records"), are kept by Assignor in the regular course of its business. It is in the regular course of business of Assignor for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording of the Event at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate, and thoroughly embody the information in Assignor's custody and control for the Receivables from their creation until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

This Bill of Sale and Assignment of Receivables shall serve as evidence of ownership for the Receivables conveyed hereby and shall serve as an acknowledgment, as ratification, and as evidence of the intent of the parties to transfer the Receivables.

**CREDIT ONE BANK, N.A.**



Gary Harwood
Vice President

19731,511163,3

Page 1 of 2

# EXHIBIT A

## ACCOUNT SCHEDULE

The Accounts that are specifically identified in the electronic file named CreditOne_Sherman_032013 with such electronic file incorporated herein by reference.



19731,511163,4

## BILL OF SALE AND ASSIGNMENT OF RECEIVABLES
## FROM MHC RECEIVABLES, LLC TO FNBM, LLC

As of March 11, 2013, MHC Receivables, LLC ("Assignor"), for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, has periodically transferred, has sold, has assigned, has conveyed, has granted and has otherwise delivered to FNBM, LLC, ("Assignee") all of its rights, title and interest in and to (i) the receivables identified and specifically referenced for each of the accounts on an account level basis on the data file titled CreditOne_Sherman_032013 attached hereto and incorporated by reference as "Exhibit A" ; and (ii) all claims or rights arising out of or relating to the account level receivables (hereinafter the "Receivables").

With respect to information for the Receivables, Assignor represents and warrants to Assignee that the business records conveyed to Assignee relating to the Receivables (the "Business Records"), are kept by Assignor in the regular course of its business. It is in the regular course of business of Assignor for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording of the Event at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate, and thoroughly embody the information in Assignor's custody and control for the Receivables from their creation until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

This Bill of Sale and Assignment of Receivables shall serve as an acknowledgment, as ratification, and as evidence of the intent of the parties to transfer the Released Receivables referenced herein.

MHC Receivables, LLC

_____
Mark Rufail, Authorized Representative



19731,511164,1

Page 1 of 2

# EXHIBIT A

## ACCOUNT SCHEDULE

The Accounts that are specifically identified in the electronic file named CreditOne_Sherman_032013 with such electronic file incorporated herein by reference.

## BILL OF SALE AND ASSIGNMENT OF ACCOUNTS
## FROM MHC RECEIVABLES, LLC TO SHERMAN ORIGINATOR III LLC

On March 11, 2013, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, MHC Receivables, LLC ("Assignor"), hereby transfers, sells, assigns, conveys, grants and otherwise delivers to Sherman Originator III LLC ("Assignee"), all of Assignor's, rights title and interest in and to (i) the charged-off accounts identified on an account level basis in the data file named CreditOne_Sherman_032013 (the "Computer File"), a copy of which is attached hereto and incorporated herein by reference as "Exhibit A"; and, (ii) certain related account level media or electronic copies thereof (including, but not limited to applications, statements, terms and condition), and (iii) all claims or rights arising out of or relating to each referenced account (collectively hereinafter the "Accounts") including, but not limited to, all claims and rights afforded each account by virtue of that account's corresponding terms and conditions.

With respect to information for the Accounts described in the related Computer File, Assignor represents and warrants to Assignee that the business records relating to: (i) the Accounts owned by Assignor; and (ii) the sale and assignment of Accounts by Assignor (collectively, the "Business Records"), are kept by Assignor in the regular course of its business. It is in the regular course of business of Assignor for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate and thoroughly embody the information in Assignor's custody and control for the Accounts listed in the Computer File from Assignor's receipt of those accounts until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

This Bill of Sale and Assignment of Accounts shall serve as evidence of ownership for any of the Accounts conveyed hereby.

MHC Receivables, LLC



Mark Rufail, Authorized Representative

19731,260808,1

Page 1 of 2

Case 25-10823-amc Doc 453-1 Filed 11/20/25 Desc Main Document Page 12 of 18
Case 25-10823-amc Claim 5-1 Filed 01/29/25 Desc Main Document 10/27/25 16:13 Page 12 of 18
Exhibit    Page 12 of 18

# **EXHIBIT A**

## ACCOUNT SCHEDULE

The Accounts that are specifically identified in the electronic file named CreditOne_Sherman_032013 with such electronic file incorporated herein by reference.

## BILL OF SALE AND ASSIGNMENT OF RECEIVABLES
## FROM FNBM, LLC TO SHERMAN ORIGINATOR III LLC

On March 11, 2013, FNBM, LLC ("Assignor"), for good and valuable consideration, the receipt of which is hereby acknowledged, hereby transfers, sells, assigns, conveys, grants and delivers to Sherman Originator III LLC ("Assignee"), all of its rights, title and interest in and to (i) the receivables identified and specifically referenced for each of the Accounts on an account level basis on the data file titled CreditOne_Sherman_032013 attached hereto and incorporated by reference as "Exhibit A"; and (ii) all claims or rights arising out of or relating to the receivables (hereinafter the "Receivables").

With respect to information for the Receivables, Assignor represents and warrants to Assignee that the business records relating to the Receivables (the "Business Records") are kept by Assignor in the regular course of its business. It is in the regular course of business of Assignor for an employee or an authorized representative with personal knowledge of the act, event, condition, or opinion (collectively "Event") to be recorded, to make the appropriate memorandum or recording at or reasonably near the time of the Event. Furthermore, Assignor represents and warrants to Assignee that the Business Records are materially complete and accurate and thoroughly embody the information in Assignor's custody and control for the Receivables from Assignor's receipt of those Receivables until the time of transfer to Assignee. These representations and warranties are intended to augment any other representations and warranties the parties may have in place and not supplant any other existing warranties and representations.

This Bill of Sale and Assignment of Receivables shall serve as evidence of ownership for any of the Receivables conveyed hereby.

FNBM, LLC

_____
Jon Mazzoli, Authorized Representative

19731,260808,3

Page 1 of 2

## EXHIBIT A

## ACCOUNT SCHEDULE

The Accounts that are specifically identified in the electronic file named CreditOne_Sherman_032013 with such electronic file incorporated herein by reference.



19731,260808,4

## Declaration of Account Transfer

Sherman Originator III LLC ("SOLLC III"), without recourse, to the extent permitted by applicable law, transferred, sold, assigned, conveyed, granted and delivered to Sherman Originator LLC ("SOLLC") all of its right, title and interest in and to the receivables and other assets (the "Assets") identified on Exhibit A, in the Receivable File dated March 06, 2013 delivered by MHC Receivables, LLC and FNBM, LLC on March 11, 2013 for purchase by SOLLC III on March 11, 2013. The transfer of the Assets included electronically stored business records.

SOLLC, subsequent to the above mentioned transfer, transferred, sold, assigned, conveyed, granted and delivered to LVNV Funding LLC ("LVNV"), the above mentioned Assets. The transfer of the Assets included electronically stored business records.

Sherman Originator III LLC
a Delaware Limited Liability Company

By: _____
Name: Jon Mazzoli
Title: Director


Sherman Originator LLC
a Delaware Limited Liability Company

By: _____
Name: Kevin Branigan
Title: Authorized Representative


LVNV Funding LLC
a Delaware Limited Liability Company

By: _____
Name: Rusty Kendall
Title: Authorized Representative

Case 25-10282-amc Doc 53-1 Filed 01/29/25 Desc Main Document Page 16 of 18
Case 25-10282-amc Claim 4-1 Filed 01/22/25 Desc Exhibit 10/27/25 16:13 Page 16 of 18
Exhibit    Page 16 of 18

## Exhibit A

**Receivables File**

**03.11.13 CreditOne_Sherman_032013**

| Transfer Group | Portfolio | Transfer Batch |
|---|---|---|
| 260808 | 19731 | N/A |

```
2007015772    P/ATTY
              2 PGS
              Book:DE 2251  Page:1949-1950
February 16, 2007  09:00:57 AM
Rec:$15.00   Cnty Tax:$0.00   State Tax:$0.00
FILED IN GREENVILLE COUNTY,SC
```

**Limited Power of Attorney**

WHEREAS LVNV Funding, LLC ("Grantor") has retained the services of Resurgent Capital Services LP ("Servicer") to service, liquidate and manage accounts receivable on behalf of the Grantor and hereby issues this Power of Attorney in favor of Servicer.

Now, therefore, Grantor does hereby constitute and appoint Servicer and it's officers, designated employees and servants (collectively referred to as "Resurgent") as Grantor's true and lawful Attorney-in-fact and hereby authorizes Resurgent to act in the Grantor's name, place and stead as fully and with the same effect as if Grantor were present and acting on it's own behalf for the following limited purposes:

1. Executing, acknowledging and delivering any Assignment of Mortgage, Note, Title, Judgment, Financing Statement or any other instrument necessary to transfer to and vest in Resurgent or its nominee or to protect the rights, title and interest of Resurgent in and to any account serviced by Resurgent on behalf of Grantor;
2. Conducting foreclosure or repossession actions;
3. Endorsing, as agent of Grantor, any checks or other instruments made payable to Grantor and received as payment with respect to any account;
4. Executing any document or instrument needed to release, satisfy, convey, or assign any lien, security interest or account;
5. Signing claims and notices of transfers of claims regarding any account;
6. Executing any document or instrument needed to market, sell, or transfer ownership of property owned as a result of foreclosure, receipt of quit-claim deed, surrender or other form of repossession of any collateral securing accounts serviced by Resurgent on behalf of Grantor; and
7. Executing any document or instrument and authorizing any action that is proper or necessary in asserting, protecting or realizing the Grantor's ownership rights in any account or prosecuting the Grantor's ownership duties.

Grantor further grants to Resurgent, as its attorney-in-fact, full authority to act in any manner both proper and necessary to effectuate and execute the foregoing powers, and ratifies every act that Resurgent may lawfully perform in exercising those powers by virtue thereof.

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney on this 15th day of January, 2007.

GRANTOR: LVNV Funding LLC
By: [signature]
Name: Kevin Branigan
Title: President

Resurgent Capital Services LP
By: [signature]
Name: Michael A Keaton
Title: Senior Vice President

DATE FEB 16 2007
CERTIFIED TO BE A TRUE AND CORRECT COPY OF DOCUMENT ON FILE IN THIS OFFICE
[signature] Timothy J. Ramsey
REGISTER OF MESNE CONVEYANCE
GREENVILLE COUNTY, SC

Witnessed by: D Stovall
Name: Danette Stovall

Witnessed by: Heather H. Silver
Name: Heather H Silver

STATE OF
COUNTY OF

On this, the 13th day of February, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by the Kevin Branigan, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for LVNV Funding, LLC.

Notary Public
My Commission Expires        My Commission Expires
                             February 1, 2015

STATE OF
COUNTY OF

On this, the 15 day of February, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by the Michael A. Eaton, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for Resurgent Capital Services LP.

Michelle Church
Notary Public
My Commission Expires  1-31-2016

Michelle L. Church
Notary Public
South Carolina
Commission Expires 1/31/2016

FILED FOR RECORD IN GREENVILLE COUNTY, SC ROD
2007015772    Book: DE 2251    Page: 1949-1950
February 16, 2007    09:00:57 AM

Timothy F Nanney