**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>Bernice Louellen Shippen,<br><br>    Debtor.<br>TOWD POINT MORTGAGE TRUST 2022-3,<br>U.S. BANK TRUST COMPANY, NATIONAL<br>ASSOCIATION AS INDENTURE TRUSTEE,<br>    Movant,<br><br>      v.<br><br>Bernice Louellen Shippen,<br>    Debtor/Respondent,<br>SCOTT F. WATERMAN,<br>    Trustee/Additional Respondent. | Bankruptcy No. 25-10238-amc<br><br>Chapter 13<br><br>Hearing Date: February 25, 2026<br>Hearing Time: 11:00 A.M.<br>Location: 900 Market Street, Second<br>Floor, Philadelphia, PA 19107<br>Courtroom Number #4 |

**STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY**

TOWD POINT MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY, NATIONAL

ASSOCIATION AS INDENTURE TRUSTEE ("Secured Creditor" or "Movant"), and Bernice Louellen

Shippen, ("Debtor"), by and through the undersigned attorneys, hereby stipulate as follows:

**I.      BACKGROUND:**

1. On March 14, 2007, Bernice L. Shippen executed and delivered a Promissory Note ("Note") and

   Mortgage ("Mortgage") securing payment of the Note in the amount of $182,000.00.

2. The Mortgage was recorded on March 30, 2007, with the Montgomery County Recorder of Deeds.

3. The Mortgage was secured as a lien against the real property located in Montgomery County

   commonly known as 108W SPRING AVE ARDMORE Pennsylvania 19003 (the "Property").

4. The Note and Mortgage were last assigned to TOWD POINT MORTGAGE TRUST 2022-3, U.S.

BANK TRUST COMPANY, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE.

5. Debtor defaulted under the terms of the Note and Mortgage by failing to make monthly post-petition payments of principal, interest and escrow when they became due.  As of May 19, 2026, the post-petition arrears owed Movant is $15,897.90 and consists of past monthly mortgage payments for March 1, 2025 through February 1, 2026 in the amount of $1,053.24 each, for March 1, 2026 through May 1, 2026 in the amount of $1,086.34 each.

6.  Thus, Debtor's post-petition arrears currently totals $15,897.90.

7. Debtor further acknowledges that additional payments of principal, interest and escrow currently in the amount of $1,086.34 per month shall become due under the Note and Mortgage on the first (1st) of each successive month, beginning June 1, 2026 until the Note is paid in full. Debtor acknowledges that the monthly payment is subject to change and remains responsible for same.

8. TOWD POINT MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE, and Debtor desire to resolve Debtor's post-petition arrears in accordance with the terms set forth below:

II. **STIPULATION FOR RELIEF FROM STAY**

9. Debtor confirms and acknowledges his financial obligations to TOWD POINT MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE under the Note and Mortgage.

10. Debtor further confirms and acknowledges his failure to make post-petition payments of principal, interest and escrow in the amount of post-petition arrearage as set forth in Paragraphs 5 and 6 above.

11. Debtor further confirms and acknowledges his obligation and agrees to make regular post-petition payments of principal, interest and escrow going forward from June 1, 2026 as set forth in

Paragraph 7 above.

12. Debtor further agrees to file an Amended Plan within ten (10) days of the entry of an Order

Approving this Stipulation that will include treatment of the post-petitions arrears owed to TOWD

POINT MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY, NATIONAL

ASSOCIATION AS INDENTURE TRUSTEE.  The Plan shall include language that the post-

petition arrears through  May 1, 2026 shall be paid over the remaining life of the plan in payments

by the Chapter 13 Trustee.  If required, TOWD POINT MORTGAGE TRUST 2022-3, U.S.

BANK TRUST COMPANY, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE shall

file a supplemental claim or amended proof of claim reflecting the post-petition arrears through

May 1, 2026.

Payments should be remitted to:

**Select Portfolio Servicing, Inc.**

**P.O. Box 65450**

**Salt Lake City, UT 84165-0450**

13. In the event that Debtor converts to a Chapter 7 bankruptcy during the pendency of this

bankruptcy case, the Debtor(s) shall cure the pre-petition and post-petition arrears within ten (10)

days from date of conversion.  Should the Debtor fail to cure the arrears, TOWD POINT

MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION

AS INDENTURE TRUSTEE, will issue and serve upon Debtor's attorney written notification of

default ("Notice") of this Stipulation.  If the default is not cured within fifteen (15) days of the

Notice, TOWD POINT MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY,

NATIONAL ASSOCIATION AS INDENTURE TRUSTEE, may file a Certification of Default

with the Bankruptcy Court ("Court") and the Court shall enter an Order granting relief from the

Automatic Stay.

14. In the event the Debtor defaults on his obligations under this Stipulation by failing to comply with the provisions as set forth above in Paragraph 11 and/or tender in full any of the payments described in Paragraph 12, on or before the dates upon which they are due, then TOWD POINT MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE, its successors and/or assigns shall serve attorney for the Debtor via facsimile, electronic mail, and/or First Class Mail, postage prepaid, with written notification of the default.  In the event that Debtor fails to cure the default within fifteen (15) days of the date of the Notice, then, TOWD POINT MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon TOWD POINT MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE, or its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation without further notice to Debtor or the Order of this Court.  If Movant is required to issue a Notice of Default, the Debtor shall pay $125.00 per Notice, as attorney fees, in addition to all funds required to fully cure the default prior to the expiration of the allowed cure period.

15. In addition, Debtor agrees that he is not permitted more than two (2) defaults from the date of this Stipulation.  Debtor agrees that if he defaults under the terms of this Stipulation more than two (2) times, then, without further notice, TOWD POINT MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon TOWD POINT MORTGAGE TRUST 2022-

3, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE, its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation.

16. Neither TOWD POINT MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE's consent to this Stipulation nor TOWD POINT MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE's acceptance of any payments tendered by or on behalf of Debtor shall be construed as a waiver of TOWD POINT MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE's right to proceed with or commence a foreclosure other legal action against Debtor under this Stipulation.  However, TOWD POINT MORTGAGE TRUST 2022-3, U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION AS INDENTURE TRUSTEE, agrees to credit the mortgage account of Debtor for all payments made in accordance with this Stipulation, the Note and/or Mortgage.

17. This Stipulation may only be modified by a revised Stipulation filed on the docket in the U.S. Bankruptcy Court ("Court").  No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation as filed on the docket in the Bankruptcy.

18. Debtor hereby certifies and confirms that he has reviewed the terms of the Stipulation with his attorney, understands and is in agreement with the terms of this Stipulation, and authorizes his attorney to execute this Stipulation on his behalf.

IT IS HEREBY STIPULATED:

By: /s/ Sherri R. Dicks_____          Date: 5/26/2026\_\_\_
**SHERRI R. DICKS**
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
PA Bar No. 90600
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7113
Email: sdicks@raslg.com
Attorneys for Movant


/s/ Michael A. Cibik_____*with express permission*          Date: 6/9/2026\_\_\_\_
**MICHAEL A. CIBIK**
Cibik Law, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
215-735-1060
Email: help@cibiklaw.com


NO OPPOSITION:


/s/ Ann Swartz_____*with express permission*          Date: 6/15/2026\_\_\_
**SCOTT F. WATERMAN [Chapter 13]**
Chapter 13 Trustee
2901 St. Lawrence Ave.
Suite 100
Reading, PA 19606
(610) 779-1313
Email: ECFMail@ReadingCh13.com